**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PRAMOD RASTOGI, *et al.*,

*Plaintiffs*,

v.

ASSISTANT SECRETARY FOR CONSULAR AFFAIRS U.S. DEPARTMENT OF STATE, *et al.*,

*Defendants*.

Civil Action No. 26 - 1223 (SLS)
Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Keshav Rastogi, an Indian national, lost his passport during a 2024 visit to the United States. That passport contained his U.S. visa, which was scheduled to expire in May 2028. Roughly a year later, his mother passed away in the United States. He requested that the U.S. Consulate in New Delhi reprint his unexpired visa in his new passport so that he could attend his mother's funeral. But consular officials instead instructed him to file a new visa application. That application was denied. He filed this Administrative Procedure Act (APA) suit to challenge the consulate's refusal to reprint his unexpired visa in his new passport, naming himself, his father, and his now-deceased mother as Plaintiffs. The Defendants, the Department of Homeland Security and various consular officials, move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court grants that motion in part and denies it in part.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiffs' Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). The Court also takes "judicial notice of public records from other court proceedings." *Lewis v. Drug*

*Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011). Because the Plaintiffs are proceeding pro se, the Court considers the Complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

In 2018, Keshav Rastogi, a citizen of India, received a visa for entry to the United States with an expiration date of May 31, 2028. Compl. 13–14, ECF No. 1; Mot. Sign and Present Petition 8, ECF No. 3.[1] In October 2024, he lost his passport containing this visa in a market in Wadesboro, North Carolina. Opp'n 3, ECF No. 31. Over a year later, his mother, Sunita Rastogi, passed away in Asheville, North Carolina. Compl. 13, 15. Keshav returned to India soon after that, but he wished to return to the United States for his mother's burial in February 2026. He visited the U.S. Consulate in New Delhi and asked that his unexpired visa be reprinted in his new passport. Opp'n 3–4. But the consular officers refused the request and instead instructed him to file a new visa application. Opp'n 4. He filed that application, traveled a substantial distance to attend a visa interview in Hyderabad, India, and incurred over $900 in expenses. *Id.* Ultimately, his visa application was denied, and he missed his mother's burial. Opp'n 4–5.

The Plaintiffs—Keshav, his father, Pramod Rastogi, and his deceased mother—now bring this APA challenge, arguing that the Defendants erred when they refused to reprint Keshav's unexpired visa and instead required him to file a new visa application. Compl. 15; Opp'n 4–5. The Plaintiffs ask this Court to order the restoration of his unexpired visa to his new passport so that he can visit his late mother's grave. Compl. 15. The Defendants move to dismiss this action under

[1] The Court uses the handwritten page numbers on the Plaintiffs' complaint, the complaint's attachments, and motion.

Rule 12(b)(1) and 12(b)(6). Mot., ECF No. 27. That motion is fully briefed and ripe for review. *See* Opp'n.

**LEGAL STANDARD**

"A motion under Rule 12(b)(1) presents a threshold challenge to a court's [subject-matter] jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022) (cleaned up). A plaintiff bears the burden of establishing a court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In evaluating whether a plaintiff has met that burden at the pleading stage, a court may "accept as true all of the factual allegations contained in the complaint." *Am. Freedom L. Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)). "But [a] court is not limited to the allegations of the complaint and may consider such materials outside the pleadings as it deems appropriate." *New Mexico v. Musk*, 824 F. Supp. 3d 80, 91 (D.D.C. 2026) (cleaned up).

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A court must "liberally construe[]" a pro se litigant's complaint and "consider [the] complaint in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (cleaned up).

But a pro se plaintiff must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Mazza v. Verizon Washington DC, Inc.*, 852 F. Supp. 2d 28, 33 (D.D.C. 2012) (cleaned up).

## DISCUSSION

The Defendants seek dismissal on two grounds. First, they argue that the Plaintiffs incorrectly sued Defendants who had no role in the challenged actions. Second, they contend that the doctrine of consular nonreviewability bars the Plaintiffs' claims. The Court agrees with the first argument but not the second. It therefore grants the Defendants' motion in part and denies it in part.

### A. Threshold Issues

Before turning to consular nonreviewability, the Court addresses three threshold issues: (1) a motion filed by the Plaintiff Pramod Rastogi to present this action on behalf of the other Plaintiffs, (2) standing, and (3) the proper Defendants in this action.

#### 1. Motion to Sign and Present Petition

Pramod Rastogi filed a motion to sign and present this action on behalf of his son and late wife. Mot. to Sign and Present Petition. But Keshav Rastogi is a 29-year-old adult male, Compl. Attach. 18, ECF No. 1-3, and Sunita Rastogi is deceased, Compl. 15. And "[w]hile parties may conduct their own cases pro se, a non-attorney cannot appear pro se and seek to represent others." *United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 383 (D.C. Cir. 2025) (cleaned up). The Plaintiffs provide no reason why this background rule does not apply here. *See* Opp'n. Thus, the Court denies the motion filed by Pramod Rastogi to sign and present this action in a representative capacity. Mot. to Sign and Present Petition. That said, Keshav Rastogi has signed the relevant filings, and he may proceed pro se. *See* Notice of Errata, ECF No. 37; Fed. R. Civ. P. 11(a) (noting

that a court must strike filings for lack of a signature "unless the omission is promptly corrected after being called to the . . . party's attention").

### 2. Standing

To bring an action in federal court, a plaintiff must have standing under Article III of the Constitution. U.S. Const., art. III, § 2. "To establish Article III standing, a plaintiff must show (1) injury in fact that is concrete and particularized and actual or imminent rather than conjectural or hypothetical, (2) causation fairly traceable to the defendant's challenged action and (3) redressability by a favorable decision that is likely as opposed to merely speculative." *Am. Whitewater v. FERC*, 125 F.4th 1139, 1150 (D.C. Cir. 2025) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). And "a litigant [ordinarily] has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others." *Laird v. Tatum*, 408 U.S. 1, 14 n.7 (1972) (cleaned up).

Here, the Plaintiffs Pramod and Sunita Rastogi bring this action to redress injuries to Keshav Rastogi. But Article III does not extend to such actions "seek[ing] redress for injuries done to others." *Laird*, 408 U.S. at 14 n.7 (cleaned up). Since a "court has an independent obligation to assure that standing exists," the Court thus dismisses the claims of the Plaintiffs Pramod and Sunita Rastogi. *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). Keshav Rastogi may continue to prosecute this action.

### 3. Proper Defendants

The Defendants move to dismiss all claims against the Department of Homeland Security (DHS) for lack of standing, noting that the Complaint alleges that consular officers, not DHS, made the determinations underlying the alleged injury. Mot. 4–6. The Court agrees. The Complaint alleges that consular officials in New Delhi refused to reprint Keshav Rastogi's visa in his new

passport and directed him to file a new visa application. Opp'n 4. So the claimed injury is not "fairly traceable" to any action of DHS. *Am. Whitewater*, 125 F.4th at 1150. Thus, the Court grants the Defendants' motion to dismiss all claims against DHS.

**B. Consular Nonreviewability**

Turning to the meat of things, the Defendants argue that the doctrine of consular nonreviewability bars this action. Mot 5. The "doctrine of consular nonreviewability" provides that "judicial review" of a "consular officer's denial of a visa" is ordinarily unavailable in federal court absent congressional authorization. *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024). The doctrine is founded upon the principle that such decisions are normally committed to "the Government's political departments" rather than "judicial control." *Id.* at 907 (quoting *Trump v. Hawaii*, 585 U.S. 667, 702 (2018)). "But not every legal challenge that touches on the admission or exclusion of foreign nationals is foreclosed by consular nonreviewability." *Thein v. Trump*, No. 25-cv-2369, 2025 WL 2418402, at *7 (D.D.C. Aug. 21, 2025) (cleaned up). For instance, "district courts in this jurisdiction consistently have held that when the suit challenges inaction, as opposed to a decision taken within the consul's discretion, the doctrine does not apply." *Id.* (cleaned up). This is because the doctrine primarily insulates a consular officer's "decision with respect to a particular visa application" from judicial review. *Id.* (quoting *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry*, 168 F. Supp. 3d 268, 290 (D.D.C. 2016)).

The Defendants invoke consular nonreviewability by characterizing this challenge as seeking "to invalidate a consular[] officer's refusal" of a "visa application." Mot. 6. If that were true, consular nonreviewability would certainly stop this action in its tracks. But that is not a fair characterization of the claims alleged in the various filings. In this Circuit, courts "consider[]

supplemental material filed by a pro se litigant in order to clarify the precise claims being urged—including facts set forth in a plaintiff's opposition to a motion to dismiss." *Naz v. Wright*, 177 F.4th 1242, 1246 (D.C. Cir. 2026) (cleaned up). And the Complaint and supporting material clearly allege that Keshav Rastogi already had an unexpired visa valid through 2028 that he sought to reprint in his new passport. Opp'n 3–4. Indeed, the Complaint includes a copy of that visa, which shows an expiration date of May 31, 2028. Compl. Attach. 18. The gravamen of this action is that Keshav Rastogi never needed to apply for a new visa because he holds an unexpired visa that he seeks to use. Opp'n 4. And he contends that the Defendants erred by not reprinting that visa in his new passport and instead requiring him to apply for a new one. *Id.*

Ultimately, this challenge is not centered on a "<u>decision</u> with respect to a particular visa application" but on the refusal to recognize and reprint a valid visa that was already issued and remains unexpired. *Thein*, 2025 WL 2418402, at *7. The Defendants have not explained why that challenge is barred by consular non-reviewability. *See League of Women Voters v. DHS*, No. 25-cv-3501, 2026 WL 1972055, at *3 (D.D.C. July 8, 2026) (noting that failure to include an argument in merits briefing constitutes forfeiture). Instead, the Defendants either deny or misconstrue the allegations in the Complaint and argue against that straw-man version of events—a world where Keshav Rastogi never had a valid visa and simply applied for a new one. Mot. 4. But at the motion-to-dismiss stage, a plaintiff's allegations and supplemental materials must be "taken as true." *Spence v. United States Dep't of Veterans Affs.*, 109 F.4th 531, 540 (D.C. Cir. 2024). So the Court will not rule on another hypothetical version of events.

Accordingly, Keshav Rastogi may proceed with his APA challenge. The Court cannot assess that claim without an administrative record, which reflects the actual unfolding of the relevant events. Only at that point can this Court adequately render a judgment in this matter.

## CONCLUSION

For these reasons, the Court grants in part and denies in part the Defendants' Motion to Dismiss, ECF No. 27. The Court dismisses the claims of the Plaintiffs Pramod and Sunita Rastogi. The Court also dismisses the claims against the Defendant Department of Homeland Security. The claims against the remaining Defendants will proceed. The Court directs the Parties to meet and confer and to file a joint status report by September 3, 2026, proposing a briefing schedule for an answer, administrative record, and dispositive motions. Mindful that the Plaintiff Keshav Rastogi continues to be injured every day that he cannot visit his mother's grave, the Court expects the Parties to propose a schedule to resolve this matter expeditiously.

A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: August 24, 2026